CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD CLAY WINTERS, | CASE NO. 7:11CV00579 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| SUPERINTENDENT B. D. RUSSELL, ET AL., | |
| | By: James C. Turk |
| | Senior United States District Judge |
| Defendants. | |

Harold Clay Winters, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that jail officials have violated his constitutional rights by refusing to provide him with free eye glasses. Upon review of the record, the court summarily dismisses Winters' action.

I

Winters alleges the following facts relevant to his claims, which concern the two-year period when he was incarcerated at the Western Virginia Regional Jail ("the jail").[1] Winters believes that his eye sight worsened over this period because he did not have eye glasses. Winters made requests to the medical department to see an eye doctor and be fitted eye glasses, but the jail's medical staff did not refer him to an eye doctor. Winters told jail officials that he was indigent and did not have the $150.00 jail policy required before officials would arrange for an inmate to be examined by an outside doctor at his own cost. Winters complained that because he had a five-year prison sentence to serve, officials should have classified him sooner for transfer to the Virginia Department of Corrections (VDOC). Winters believed that VDOC-

---

[1] Winters' recent filings indicate that he is now incarcerated at Powhatan Correctional Center, a VDOC-operated prison facility.

classified inmates would not be required to pay for prescription eye glasses. Winters sues the VDOC and the jail superintendent, seeking injunctive relief ordering that officials arrange for him to be fitted for eye glasses. Winters also seeks monetary compensation for pain and suffering.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Winters' allegations fail to state any actionable § 1983 claim against the defendants he has named. The VDOC, as an agency of the Commonwealth, is not a "person" within the meaning of §1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Therefore, Winters cannot pursue his claim concerning his eye care against the VDOC. The other defendant Winters names, the jail superintendent, is a "person" within the meaning of § 1983. Winters fails to state facts, however, concerning any specific conduct the superintendent, personally, committed in violation of Winters' constitutional rights so as to state any § 1983 claim against this defendant for the alleged deprivation. West, 487 U.S. at 48. Moreover, the superintendent lawfully relied on the opinion of the jail's medical staff as to the proper course of treatment for

2

Winters' medical conditions. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990). For the stated reasons, Winters has not alleged facts stating any actionable claim against the superintendent. The court summarily dismisses all claims against the superintendent and the VDOC.

Because Winters is proceeding pro se, the court could allow Winters to amend this action to name as defendants individual officials who had some personal involvement in the alleged violation of his constitutional rights. After review of Winters' submissions, however, the court does not find that the interests of justice require allowing him to amend.

Winters' claim for injunctive relief, ordering jail officials to arrange for Winters to be examined by an outside doctor and fitted for glasses, was mooted by Winters' transfer. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (prisoner's request for injunctive relief on inadequacy of law library claim rendered moot by transfer of prisoner); Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions). While Winters' transfer does not moot his claims for monetary relief, because the court is satisfied that Winters has no actionable § 1983 claim against anyone at the jail.

Only a prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008), and a prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A claim concerning a disagreement between an

3

inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

The allocation of the cost of prisoners' medical care is a matter of state law, which is not actionable under § 1983. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983). The fact that local jails may require inmates to cover a higher percentage of the cost of their medical care than inmates at state facilities are required to pay is not a difference with any constitutional significance. See Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, because inmate was not similarly situated for equal protection purposes with state facility inmates).

Winters does not state facts indicating that officials' failure to provide him with glasses constituted deliberate indifference to a serious medical need. Winters' grievances show that jail officials did not deny him access to medical treatment. The jail medical staff assessed Winters' vision on more than one occasion and procured a pair of reading glasses for him. While Winters disagreed with the medical staff's decision that he did not have a serious medical need to see a specialist about prescription glasses during his incarceration at the jail, such disagreements between doctor and patient do not support a claim of deliberate indifference. Wright, 766 F.2d at 849.

Moreover, Winters' submissions indicate that Winters primarily challenged the jail policy that inmates who disagreed with the jail doctors' course of treatment and wanted to see an outside specialist about getting glasses would have to bear the cost of that outside exam. The policy itself does not implicate Winters' constitutional rights, inasmuch as Winters' allegations clearly indicate that jail officials provided him with medical assessment of his vision.

4

Winters also has no actionable § 1983 claim that officials treated him differently than VDOC-classified inmates. Because Winters was not similarly situated to VDOC-classified inmates, he had no equal protection right to be treated like such inmates. Strickler, 989 F.2d at 1389.

For the reasons stated, the court dismisses Winters's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim actionable under § 1983.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of March, 2012.

/s/ James C. Turk
Senior United States District Judge